IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZING BROTHERS, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>BEVSTAR, LLC, a Nevada limited liability company,<br><br>                Defendant. | **MEMORANDUM DECISION and ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:11-cv-00337 DN<br><br>Magistrate Judge David Nuffer |

Defendant Zing Brothers, LLC's Motion to Dismiss[1] is before this Court. This case is before the magistrate judge by consent of the parties pursuant to 28 U.S.C. § 636(c). The magistrate judge has reviewed the motions, memoranda and relevant legal authorities. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## INTRODUCTION

Bevstar, LLC (Bevstar) is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.[2] Bevstar operates the website located at www.drinktigersblood.com (Website) where Bevstar advertises products, provides news, and takes orders.[3] Bevstar does not advertise in tangible media in Utah, does not solicit dealers or distributors in Utah, and does not attend trade shows or marketing events in Utah.[4]

---

[1] Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Motion to Dismiss), docket no. 7, filed May 25, 2011.

[2] Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Supporting Memorandum) at 2, docket no. 8, filed May 25, 2011.

[3] *Id.*

[4] *Id.* at 2-3.

Zing Brothers, LLC (Zing), a Utah limited liability company, filed suit asserting four claims against Bevstar.[5] First, Zing alleges Federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Second, Zing asserts unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Third, Zing alleges illegal cybersquatting prohibited under 15 U.S.C. §1125(d).  Fourth, Zing asserts violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-102(4)(a).

On May 25 2011, Bevstar filed this Motion to Dismiss, arguing that (1) Bevstar is not subject to personal jurisdiction in Utah, and (2) venue in Utah is improper.[6]  This order concludes that Bevstar is subject to personal jurisdiction in Utah and that venue is proper in Utah.

## DISCUSSION

### Personal Jurisdiction over Bevstar

There are two requirements that must be met in order for personal jurisdiction to properly be exercised over the Bevstar.  First, an applicable statute must authorize service of process on Bevstar.[7]  Second, "the exercise of such statutory jurisdiction [must] comport[] with constitutional due process demands."[8]

**Service of Process**

For state-law claims and when federal statutes do not authorize nationwide service of process, Federal Rule of Civil Procedure 4(k)(1)(A) applies to require this Court to use the Utah

---

[5] Complaint for Trademark Infringement and Unfair Competition (Complaint) at 1, docket no. 2, filed April 13, 2011.

[6] Supporting Memorandum at 3, 8.

[7] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

[8] *Id.*

long-arm statute of to determine if service of process is authorized.[9]  The Utah Supreme Court interprets Utah's long-arm statute[10] broadly to allow personal jurisdiction over non-resident defendants "to the fullest extent allowed by due process of law."[11]  Therefore, to establish personal jurisdiction over Bevstar, Zing must prove that the exercise of personal jurisdiction is consistent with due process.

**In Personam Jurisdiction**

Zing has the burden of showing that Bevstar is subject to either general or specific personal jurisdiction in Utah by virtue of Bevstar's contacts with Utah.  Zing is not arguing for general personal jurisdiction to be exercised in this case.  Zing argues that this court can exercise specific jurisdiction over Bevstar because: "(1) Bevstar's website purposely directs commercial activity towards Utah residents; (2) Plaintiff's claims of trademark infringement, unfair competition, false designation of origin, and cybersquatting arise out of or relate to Bevstar's activity; and (3) Bevstar has not satisfied its burden of showing that the exercise of personal jurisdiction would be unreasonable."[12]

Specific personal jurisdiction is permissible when (1) a non-resident defendant purposefully establishes minimum contacts with the forum state, (2) the cause of action arises out of those contacts, and (3) jurisdiction is reasonable under the due process clause of the Constitution.[13]  Bevstar has sufficiently satisfied these requirements to be subject to personal jurisdiction.

---

[9] *Id.*

[10] Utah Code Ann. §§ 78B-3-201 to -209 (West 2008).

[11] *Synergetics v. Marathon Ranching Co., Ltd.*, 701 P.2d 1106, 1110 (Utah 1985).

[12] Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Opposing Memorandum) at 2-3, docket no. 17, filed June 27, 2011.

[13] *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 476-77 (1985).

1. *Minimum Contacts with Utah*

The minimum contacts requirement goes to "the foreseeability . . . that the defendant's conduct and connection with the forum state are such that he should reasonably expect to be haled into court there."[14] This requirement protects Bevstar from being subject to a foreign jurisdiction based on "random, fortuitous or attenuated" contacts.[15]

a. *The Website*

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*[16] established a "sliding scale"[17] test to evaluate a defendant's contacts with a forum state when the defendant's only contacts are through a website. The test outlines three website categories, which are helpful in analysis of specific personal jurisdiction.

**Active Website**– An active website is "where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper."[18]

**Interactive Website** – "The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the permissibility of exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."[19] Establishing jurisdiction over interactive websites requires that a defendant "clearly conducts business through its website

---

[14] *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

[15] *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984).

[16] *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D. Pa. 1997).

[17] *Id.* at 1124.

[18] *Id.*

[19] *Id.*

or emails" plus "something more" to show the defendant's actions were actually directed at the forum.[20]

**Passive Website** – Passive websites involve "situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction."[21]

Bevstar argues that its website "provides information about its product, publicizes news and upcoming events, and offers its product for sale. The Website does not direct any advertising to Utah. Indeed, the Website does not mention Utah at all."[22] Bevstar claims this is not enough for the court to find specific personal jurisdiction. "Plaintiff must show that Bevstar not only conducts business through the Website, but must also show 'something more' to prove that Bevstar purposely directed its activities to Utah residents."[23]

Zing argues "Bevstar's highly interactive website purposely directs activities to Utah by clearly conducting business with Utah residents over the Internet."[24] Zing also argues that "[t]he mere fact that the targeting was unsuccessful in the sense that no clients in Utah actually chose to contract over the website is not determinative."[25]

The home page at www.drinktigersblood.com and all linked pages, including the informational page within the site, contain large buttons that advertise and offer for sale various

---

[20] Supporting Memorandum at 6 (citing *Xactware, Inc. v. Symbility Solutions, Inc.*, 402 F. Supp. 2d 1359, 1363 (D. Utah 2005)).

[21] *Zippo*, 952 F. Supp at 1124.

[22] Supporting Memorandum at 6.

[23] *Id.*

[24] Opposing Memorandum at 3.

[25] *Id.* at 5 (citing *System Designs, Inc. v. New Customware Co., Inc*., 248 F. Supp. 2d 1093, 1102 (D. Utah 2003)).

sizes and quantities of the product bearing the disputed trademark.[26] "The Website does not contain any information regarding potential distributors or retailers of Bevstar's products and it does not disclose Bevstar's phone number or address."[27] The Website allows a user to view product descriptions, add items to an online cart, checkout online by providing credit card and shipping information, and create a login and password.[28] Once a user adds an item to the online cart, the user can estimate shipping by using a feature that contains a drop-down menu of states, which allows users to select Utah as a destination state and enter a Utah address and zip code.[29] This specific inclusion of Utah in the drop down list of states, and the website statements that orders are solicited anywhere "inside the USA"[30] is sufficient to establish that this site is "something more" than a non-targeted transaction site.

    b. *Trademark Infringement*

Jurisdiction in this case is not only based on the Website. The trademark infringement claim supports the conclusion that jurisdiction is proper in Utah. In *System Design*[31] Judge Paul Cassell held that infringement or a trademark held by a Utah company was sufficient to confer jurisdiction.

> Trademarks are registered in a national database, accessible to anyone. By registering a trademark with this database, an owner of a mark puts the world on notice-literally-that they have the rights to that mark. Not only does this establish a constructive notice as to the right to use the mark, it also establishes a constructive notice as to where the mark is registered. Therefore, to avoid suit in Utah, New CustomWare needed only to look up the CustomWare mark *before* it

---

[26] Opposing Memorandum at 5. See also Declaration of David P. Johnson in Support of Zing Brothers, LLC's Oppostition to Bevstar LLC's Motion to Dismiss for lack of Personal Jurisdiction and Improper Venue, docket no. 18, filed June 27, 2011, Exhibits A-E, docket nos. 18-1, 18-2, 18-3, 18-4, 18-5.

[27] *Id.* at 6.

[28] *Id.* at 5. See also Exhibits A, B, D, F, G, and I, docket nos. 18-1, 18-2, 18-4, 18-6, 18-7, 18-9.

[29] *Id.* See also Exhibits G, K, and L, docket nos. 18-7, 18-11, 18-12.

[30] *Id.* See also Exhibits E and F, docket nos. 18-5, 18-6.

[31] *System Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093 (D. Utah 2003).

chose to adopt it for its company name. A search would have quickly revealed that CustomWare was a registered Utah trademark, thereby warning New CustomWare it might be subject to suit in Utah if it choose to use that mark.[32]

Application of the rules in *Zippo*, *A.L. Enterprises Inc.*,[33] and *System Designs* show that Bevstar is subject to jurisdiction in Utah based on its highly interactive commercial website and the alleged trademark infringement. Although Bevstar argues that Plaintiff has presented no evidence that Bevstar sold its product in Utah,[34] "personal jurisdiction is proper for a highly commercial site even when there is only minimal or no evidence of actual sales into the forum."[35]

2. *Cause of action arises out of those contacts*

The second prong of the personal jurisdiction analysis considers whether the cause of action arose out of Bevstar's contacts with Utah. The causes of action include federal trademark infringement, federal unfair competition, false designation of origin, anticybersquatting, and Utah statutory unfair competition. By allegedly infringing on Zing's trademark through the operation of a website with minimum contacts in Utah, Zing alleges that Bevstar "affirmatively interfered with [Zing's] business, and this suit arises directly from that interference."[36] Therefore, the causes of action arise out of Bevstar's contacts with Utah.

3. *Jurisdiction is reasonable under the due process clause of the Constitution*

The "reasonableness" prong exists to protect Bevstar against unfairly inconvenient litigation,[37] and the exercise of jurisdiction is reasonable if it does not offend "traditional notions

---

[32] *Id.* at 1098-99.

[33] *A.L. Enters., Inc. v. Sebron*, No. 2:08CV536, 2008 WL 4356958 (D. Utah 2008).

[34] Reply Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Reply Memorandum), at 5, docket no. 19, filed August 10, 2011.

[35] *A.L. Enters., Inc.*, 2008 WL 4356958, at *2.

[36] *Dudnikov*, 514 F.3d at 1080.

[37] *World-Wide Volkswagen,* 444 U.S. at 292.

of fair play and substantial justice."[38]  When determining the reasonableness of a particular forum, the court must consider the burden on the defendant in light of other factors including:

> the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's right to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies.[39]

Bevstar has the burden to show that, in light of these factors, defending the suit in this court would be "so gravely difficult and inconvenient" that it would be at a "severe disadvantage" in comparison to Zing.[40]  Bevstar has not met this burden.

Bevstar argues that asserting Utah jurisdiction would be unfair and unreasonable because "plaintiff cannot establish either of the first two steps in the personal jurisdiction analysis"[41] and "Bevstar's website does not confer personal jurisdiction under the 'sliding scale' and 'something more' analysis."[42]  The magistrate judge has determined that the first two steps have been met. While it may be inconvenient for Bevstar to defend this case in Utah, other factors, such as Utah's interest in adjudicating the dispute; the location of witnesses and evidence in Utah; and Zing's right to choose the forum all weigh against Bevstar's concern.

Bevstar has sufficient minimum contacts with Utah that give rise to the cause of action, and jurisdiction in Utah is reasonable.  Jurisdiction over Bevstar is, therefore, appropriate.

---

[38] *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

[39] *World-Wide Volkswagen,* 444 U.S. at 292 (internal citations omitted).

[40] *Burger King,* 471 U.S. at 478.

[41] Supporting Memorandum at 7.

[42] Reply Memorandum at 6.

**Venue**

In diversity cases, venue is proper in

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[43]

Having found that Bevstar is subject to personal jurisdiction in Utah, venue here is proper under the third clause of the statute.

## **ORDER**

Specific in personam jurisdiction over Defendant Bevstar is appropriate; and venue in Utah is proper. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[44] is DENIED.

Dated this 14th day of October 2011.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[43] 28 U.S.C. § 1391.

[44] Docket no. 7, filed May 25, 2011.